In the Matter of the Application of MARTIN LOUIS UNGRICH for the Payment of Certain Moneys under the Trust Created by the Will of HENRY UNGRICH, Deceased.

MARTIN L. UNGRICH, Respondent, *v.* HENRY UNGRICH, JR., and MARTIN UNGRICH, as Executors of and Trustees under the Last Will and Testament of HENRY UNGRICH, Deceased, Appellants.

First Department, November 22, 1907.

**Trust — order that trustees pay income pendente lite — unauthorized provisions.**

Assuming that a beneficiary suing trustees for an accounting to rescind convey-ances of the trust property and to remove the trustees may be entitled to a summary order requiring the trustees to pay him income from the trust estate pending the litigation, the order should not embody a provision that the pay-ment shall be " without prejudice to the rights of any of the parties in this action."

SCOTT, J., dissented.

APPEAL by the defendants, Henry Ungrich, Jr., and another, as executors, etc., from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of June, 1907, as directs that they forthwith pay to the respondent, Martin L. Ungrich, the sum of $2,919.20, " without prejudice to the rights of any of the parties in this action."

*Edward W. S. Johnston,* for the appellants.

*L. Laflin Kellogg,* for the respondent.

INGRAHAM, J.:

This action is brought to compel the defendants to account for certain property received by them as trustees; to set aside certain unlawful and illegal conveyances of the trust property; to impress a trust upon the proceeds; to remove the defendants as executors and trustees under the will of the testator and for other and further relief.

The answer, which is very voluminous, set up several defenses and counterclaims to which the plaintiff replied. Upon the plead-ings and upon an affidavit the plaintiff made a motion to require

the trustees to pay to him a certain sum of money as the income of the trust estate " without prejudice to the rights of any of the parties in this action." In answer to this application the trustees presented an affidavit stating that there were certain sums of money invested on bond and mortgage for the benefit of the plaintiff under the will of the testator; that up to the time of bringing the action the income from these investments had been paid to the plaintiff; that the trustees sent to the plaintiff a certified check to his order for the sum of $2,919.20, which is more than the amount claimed by the plaintiff and which is the full amount due to him as income under said trust estate, but objected to any provision in the order requiring the payment of this amount without prejudice to the plaintiff's right in the action.

It is not clear that the Special Term had power to require the defendants to make this payment by a summary order before the case had been tried if it had been objected to. If, however, the plaintiff wished to receive this accruing income he had no right to impose conditions upon which it should be paid to him. If he was entitled to this income he was entitled to receive it, but if he required the trustees to pay it to him pending the litigation he must take it subject to such legal consequences as would flow therefrom, and the court was not justified on a summary application to compel the trustees to pay him and at the same time direct that there should not result from the payment the necessary legal consequences, whatever they were. The plaintiff can refuse to accept any payment from the trustees pending the trial of the action, but no reason is disclosed why the trustees should be compelled to pay him and at the same time not have the benefit of such payments.

The order appealed from should be modified by striking out of the order the words " without prejudice to the rights of any of the parties in this action," with ten dollars costs and disbursements of this appeal to the appellants to abide the final judgment in the action.

PATTERSON, P. J., McLAUGHLIN and LOUGHTON, JJ., concurred; SCOTT, J., dissented.

Order modified as directed in opinion and as modified affirmed, with ten dollars costs and disbursements to appellants to abide event.